UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS, *et al.*, ) ) ) Plaintiffs, ) ) v. ) ) S&H FLOOR COVERING, INC. ) ) Defendant. ) | Case No. 1:13-cv-01351-SLD-JAG |

**ORDER**

This matter is now before the Court on Plaintiffs' Motion for Default Judgment against Defendant S&H Floor Covering, Inc. Pls.' Mot. Default J., ECF No. 11. For the following reasons, Plaintiffs' Motion is DENIED WITHOUT PREJUDICE.

In their Motion, Plaintiffs assert that after the Complaint was served, Defendant agreed to an audit that resulted in a finding of $96.53 in liquidated damages on past due contributions. Pls.' Mot. Default J., at ¶¶ 3-6; Kimmey Affidavit at ¶ 6, ECF No. 11-5. The audit's supporting documentation consists of two separate documents: (1) a letter from the Plaintiff Funds' Contributions and Collections Manager stating that the audit reflects $96.53 is due to the Funds, Pls.' Ex. 1 at 1–2, ECF No. 11-1; and (2) the "audit" itself, performed by the firm of Romolo & Associates, Certified Public Accountants. Notably, the firm specifies that "[they] were not engaged to, and did not conduct an audit, the objective of which would be the expression of an opinion, on the accounting records." *Id.* at 3. The firm indicates that "[i]n connection with the [procedures specified in the letter], the amount due to the Fund is $-0-." *Id*.

Plaintiffs have failed to provide the Court with any factual basis upon which the Court could award liquidated damages in the amount of $96.53. First, the firm employed to make such

a determination found that "the amount due to the Fund is $-0-." *Id*. The only indication that Plaintiffs are owed any money is found in a letter from the Funds' own Contributions and Collection Manager. Second, although liquidated damages are permitted in an ERISA action, liquidated damages must be "provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [delinquent contributions] amount determined by the court." 29 U.S.C. § 1132(g)(2)(C)(ii). Here, the Plaintiffs make no claim for delinquent contributions and have not presented the Court with any agreements and trust documents providing for liquidated damages.

Accordingly, Plaintiffs' Motion for Default Judgment, ECF No. 11, is DENIED WITHOUT PREJUDICE. Plaintiffs may renew their request for entry of default judgment with a properly-supported motion no later than October 27, 2014.

Entered this 29th day of September, 2014.

_____
Sara Darrow
United States District Judge